1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         NORTHERN DISTRICT OF CALIFORNIA
10
11
12   DANIEL JOSEPH FELIX,                    Case No. 24-cv-00193 BLF
13              Plaintiff,                   **ORDER OF DISMISSAL WITH
                                             LEAVE TO AMEND; DENYING
14        v.                                 MOTION FOR APPOINTMENT OF
                                             COUNSEL**
15   SANTA CLARA CTY OFFICE OF THE
     DISTRICT ATTORNEY,
16
17              Defendant.                   (Docket No. 10)
18
19
20        Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983
21   against the Santa Clara County Office of the District Attorney.  Dkt. No. 1.  This matter
22   was reassigned to the undersigned.  Dkt. No. 6.  Plaintiff's motion for leave to proceed *in*
23   *forma pauperis* will be addressed in a separate order.  Dkt. No. 9.  Plaintiff also moves for
24   appointment of counsel.  Dkt. No. 10.
25
26                          **DISCUSSION**
27   I.   <u>**Standard of Review**</u>
28        A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Plaintiff's Claims

Plaintiff names only the Santa Clara County Office of the District Attorney as Defendant in this action. Dkt. No. 1 at 1. He seeks declaratory and injunctive relief as well as damages. *Id.* at 3.

The complaint fails to state any cognizable claim for relief against the named Defendant. Plaintiff makes vague and confusing allegations about "further incompliance of due process;" "pervasive unconstitutional violations in [Plaintiff's] ability to effectively redress the government for grievances;" "criminal act or gross negligence of duty against a citizen or against the public generally" committed by an "official, officer, or clerk;" and "a government infested with malfeasant officials, officers and clerks." *Id.* at 2-3. The complaint references 18 U.S.C. § 241, *id.* at 3, but this is a federal criminal statute for which there is no private right of action, *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Other than this reference, Plaintiff does not reference or identify any other federal law, statute or constitutional provision, much less allege a violation thereof. Nor does Plaintiff specifically reference the Santa Clara County District Attorney's Office at any point, much less allege a constitutional violation committed by the DA's Office.

2

Lastly, in the prayer for relief, the complaint asks the court to dismiss state court criminal case No. C1801767.  According to the County of Santa Clara's Superior Court website, this case is a pending felony complaint against Plaintiff.[1]  So it may be that Plaintiff is seeking to challenge pending criminal proceedings by suing the Santa Clara County District Attorney's Office for an unconstitutional prosecution.  If so, there are several problems why this matter may not proceed.

### A.   *Younger* Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971).  *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  All three elements must be present.  *Agriesti v. MGM Grand Hotels, Inc.*, 53 F.3d 1000, 1001 (9th Cir. 1995) (abstention improper where arrest and issuance of citation were executive acts not judicial in nature, and only potential for future state judicial proceedings existed).  A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."  *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases).

There is insufficient information in the complaint for the Court to determine whether *Younger* abstention applies because it is unclear what claims Plaintiff is attempting to raise.  Plaintiff shall be granted leave to amend to allege sufficient facts for

---

[1] https://traffic.scscourt.org/case/MjgwNTUyMA==

the Court to make this determination.  He is advised that if there are ongoing criminal proceedings against him, he must show that extraordinary circumstances warrant federal intervention to overcome *Younger* abstention.

### B. **Habeas Action**

On the other hand, if Plaintiff has already been convicted and is challenging the constitutionality of his conviction and sentence, a § 1983 action is not the appropriate avenue for such a challenge.  The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted.  *See Nelson v. Sandritter*, 351 F.2d 284, 285 (9th Cir. 1965).  Furthermore, although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus.  *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, if Plaintiff is seeking to challenge his state conviction and sentence, this action should be dismissed without prejudice to his refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  He must make his status clear in an amended complaint.

### C. ***Heck* Bar**

Furthermore, if Plaintiff is seeking damages for the wrongful conviction, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487.  Accordingly, Plaintiff must first succeed in a habeas action before he can pursue a § 1983 action for damages for the unlawful conviction.

United States District Court
Northern District of California

### D.    <u>Defendant</u>

Another problem with this complaint is that Plaintiff may not be able to proceed against the District Attorney's Office or a specific prosecutor therein.  A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution" insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Cousins v. Locker*, 568 F.3d 1063, 1068-69 (9th Cir. 2009) (California Attorney General absolutely immune from liability for wrongful imprisonment for failing to notify the court and CDCR of change in law entitling an inmate to release because this involves petitioning the court and is prosecutorial, rather than investigative or administrative, in nature).  Unless Plaintiff can overcome prosecutorial immunity, he cannot proceed on a claim against the prosecution in their role as an "advocate for the State."

### E.    <u>Amended Complaint</u>

Plaintiff should keep the following principles in mind in preparing an amended complaint.  Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

## III.    <u>Motion for Appointment of Counsel</u>

Plaintiff requests appointment counsel on the grounds of indigency, in the interest of public safety, his lack of experience, complexity of the issues, and counsel would be

United States District Court
Northern District of California

helpful during a trial.  Dkt. No. 10 at 1-2.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff's indigency and lack of experience do not distinguish him from other prisoner-plaintiffs to warrant appointment of counsel.  Furthermore, the complaint contains no cognizable claim to support Plaintiff's other proffered reasons.  Accordingly, Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1.      The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 24-cv-00193 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed.

Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

      **In the alternative**, Plaintiff may move for voluntary dismissal of this action based on any of the reasons discussed above.  *See supra* at 3-5.

      2.      **Failure to respond in accordance with this order by filing an amended complaint or notice in the time provided will result in the dismissal of this action with prejudice for failure to state a claim for relief without further notice to Plaintiff.**

      3.      Plaintiff's motion for appointment of counsel is **DENIED**.  Dkt. No. 10.

      4.      The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

      This order terminates Docket No. 10.

      **IT IS SO ORDERED.**

Dated:  \_\_**April 12, 2024**\_\_\_\_\_

BETH LABSON FREEMAN
United States District Judge